# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

BORDER COLLIE RESCUE, INC.,
NICHOLAS B. CARTER

    Plaintiffs,

vs.                                          Case No. 3:04-cv-568-J-32HTS

REBECCA M. RYAN, et al.

    Defendants.

## ORDER[1]

This case is before the Court on defendant Alexandra Murphy's Second Motion for Costs and Attorneys' Fees (Doc. 331), Murphy's Motion to File a Reply to Defendants' Response to Murphy's Motion for Costs and Attorneys' Fees (Doc. 339) and the parties' notices concerning the status of settlement, which were filed per Order of this Court issued during the June 19, 2006 telephonic status conference (Docs. 340, 346 & 347).

As to Murphy's motion for attorneys' fees and costs, while the Court is sympathetic to Murphy's position as it appears she has been subjected to repeated litigation with the plaintiffs, the portion of the motion directed to attorneys' fees is nevertheless due to be denied. Murphy moves for attorneys' fees pursuant to Rule

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

11, Federal Rules of Civil Procedure, positing that the theories plaintiff pursued against her during litigation were frivolous. Rule 11 provides a mechanism for sanctions if, for example, a litigant files a pleading or other paper during litigation that is frivolous, and the opposing party challenges the pleading or paper on Rule 11 grounds during the pendency of the case. A litigant must also comply with the procedural requirements of Rule 11 (including the "safe harbor" requirement) before obtaining a favorable sanctions order. Here, Murphy is not entitled to Rule 11 sanctions against plaintiffs and their counsel because she failed to comply with the "safe harbor" requirement, see Fed.R.Civ.P. 11(c)(1)(A), inasmuch as she simultaneously filed and served her Rule 11 motion after obtaining a Rule 54(b) final judgment. See Fed.R.Civ.P. 11, Advisory Committee Notes to 1993 Amendments ("Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely. ...Given the 'safe harbor' provisions discussed below, a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention"); see also DeShiro v. Branch, 183 F.R.D. 281, 287-88 (M.D. Fla. 1998). Further, because Murphy has shown no other colorable statutory or contractual basis for attorneys' fees against plaintiffs and their counsel, the portion of the motion seeking attorneys' fees is due to be denied.

However, Murphy also seeks costs in her motion. A review of Murphy's motion and the exhibits appended thereto illustrates that, pursuant to 28 U.S.C. § 1920,

-2-

Murphy is entitled to a costs judgment against plaintiffs for $834.30. The taxable costs under § 1920 include Murphy's $750.00 portion of the $1,297.00 in court reporter and transcript fees, and $84.30 in copying costs. (Doc. 331, Ex. "B" & Murphy Aff.).

Murphy is also reminded that after the entry of summary judgment in her favor, the Court entered a Rule 54(b) final judgment. Because plaintiffs' time to appeal from the entry of that judgment has expired, plaintiffs may not do so. Plaintiffs also may not bring any other lawsuit against Murphy arising out of the same facts litigated in this case.

Accordingly, it is hereby **ORDERED**:

1. Defendant Alexandra Murphy's Second Motion for Costs and Attorneys' Fees (Doc. 331) is **GRANTED IN PART AND DENIED IN PART** consistent with this opinion. The Clerk is Ordered to enter a costs judgment in favor of Murphy and against plaintiffs in the amount of $834.30.

2. Murphy's Motion to File a Reply to Defendants' Response to Murphy's Motion for Costs and Attorneys' Fees (Doc. 339) is **GRANTED**. The Court considered all of the filings related to Murphy's attorneys' fees and costs petition in ruling on the motion.

3. The Court has reviewed and considered the parties' various notices informing the Court of the status of settlement negotiations and the various conditions upon which the parties would walk away from each other, or this case, entirely. The

remaining parties to the case (which does not include Murphy) are **SET** for a telephonic status conference on **Tuesday, September 5, 2006 at 10:00 a.m.** Counsel for Merwin shall coordinate the conference call and then with the remaining parties (excluding Murphy) on the line, call the Court's audio conference number at **904-301-6812. The call should be placed to the Court five minutes prior to the scheduled hearing time.**

At the status hearing, the Court will either assist the parties in documenting a final settlement or will set the case for trial. In the meantime, the parties are strongly encouraged to reach a global resolution of this case. The Court especially encourages plaintiffs and Merwin to settle their remaining claims with one another, as the recent filings indicate that Merwin's continued involvement in this case bears no relation to any remaining issues between Ryan and Flyaway and plaintiffs.

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of July, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

t.

Copies: counsel of record, pro se parties