**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BORDER COLLIE RESCUE, INC.,
NICHOLAS B. CARTER

        Plaintiffs,

vs.                                       Case No. 3:04-cv-568-J-32HTS

REBECCA M. RYAN, et al.

        Defendants.

### **ORDER**[1]

This case is before the Court on defendant Rebecca Ryan and Flyaway Farm and Kennels' Motion for Sanctions against plaintiffs (Doc. 353); Plaintiff Border Collie Rescue's Motion for Summary Judgment against defendant Deirdre Merwin (Doc. 358); Merwin's Supplemental Motion for Summary Judgment as to all of plaintiffs' remaining claims (Doc. 359); Merwin's Motion to Strike Border Collie Rescue's Unauthorized Reply (Doc. 372); Plaintiffs' Fourth Motion for Contempt Order, Fifth Motion for Default Judgment, Sixth Motion to Strike and Sixth Motion for Sanctions (Doc. 373); Plaintiffs' Supplemental Motion for Summary Judgment and Motion to Strike against Ryan and Flyaway (Doc. 374); Plaintiffs' Motion to Disqualify Ryan and

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

Flyaway's Counsel, Laura Nelson (Doc. 375); Defendant Ryan's Supplemental Motion for Summary Judgment against plaintiff Nicholas Carter (Doc. 377); and Richelle M. Marsico's Unopposed Motion to Withdraw as Counsel for Border Collie Rescue. (Doc. 388).  The parties have submitted various responses and replies to these motions.

## I.     BACKGROUND

Rather than entirely recapitulate the events of this tumultuous case, which has primarily involved the parties accusing each other of nefarious conduct - as opposed to any real effort to address the merits - the Court incorporates the facts set forth in its summary judgment order entered on February 28, 2006.  (Doc. 326).  On October 11, 2006, the Court granted the parties permission to submit supplemental summary judgment motions addressing the remaining claims in the case. (Doc. 370).

The remaining claims are as follows.  Plaintiffs Border Collie Rescue, Inc. ("BCR") and Nicholas Carter's remaining claims against Ryan and Flyaway are conversion against Ryan (Count VI) and tortious interference against Ryan and Flyaway (Count XI).  (See Doc. 326, Summary Judgment Order; Doc. 55, First Amended Complaint).  Ryan and Flyaway's remaining claims against plaintiffs are portions of the Lanham Act claim (Count I) and portions of the defamation claim (Count II).  (Doc. 326; Doc. 58, Ryan's Counterclaims).  BCR's remaining claims against Merwin are portions of the breach of contract claim (Count VIII) and

conversion (Count VI); Carter is also a plaintiff on the conversion claim. (Doc. 326, Doc. 55). Merwin's remaining claims against BCR are quantum meruit (Count I) and breach of contract (Count II). (Doc. 107).[2] Alexandra Murphy is no longer a party to this suit; the Court entered a Fed. R. Civ. P. 54(b) judgment in her favor on March 9, 2006. (Doc. 327).

A review of the parties' supplemental summary judgment motions, the Court's original partial summary judgment Order and the parties' vitriolic filings in this case lead the Court to a conclusion it should have reached earlier - that summary judgment on the remaining claims and dismissal of the entire case is appropriate. By their own admission in the supplemental filings, none of the parties have ever made their Rule 26 disclosures, no one prosecuted their claims and there was a complete abdication of the civil discovery rules during the almost two year discovery period. The undersigned even granted a six month extension of the discovery deadline on one occasion, yet no discernable discovery occurred. (Doc. 119). Instead, the parties (some more than others) peppered the Court with over fifty motions and generally engaged in abusive litigation practices. It has become abundantly clear on further review that the only prudent course is to sanction certain discovery behavior and end this case once and for all.

---

[2] Neither Merwin nor BCR addressed Merwin's counterclaims in any of the original summary judgment motions.

## II.   DISCUSSION

### A.   Applicable Law

Rule 26(a) requires a party to disclose certain information that it may use to prove its claims, including the identity of each person likely to have discoverable information, descriptions of documents in the disclosing party's custody or control and a computation of damages claimed by the disclosing party. Fed. R. Civ. P. 26(a). Parties that run afoul of Rule 26(a) are subject to sanctions under Rule 37. Rule 37(c)(1) provides, in pertinent part, "[a] party [who] without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at trial ... any witness or information not so disclosed." Thus, under Rules 26 and 37, the Court has the authority to sanction a party who fails to follow the Rules of Civil Procedure and the Court's orders. See Nat'l Hockey League v. Metro. Hockey Club, Inc., 96 S. Ct. 2778, 2780 (1976); Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11th Cir.), cert. denied, 510 U.S. 863 (1993). To avoid sanctions, the party who is alleged to have failed to comply with Rule 26 bears the burden to show that its actions were substantially justified or harmless. Stallworth v. E-Z Serve Convenience Stores, 199 F.R.D. 366, 368 (M.D. Ala. 2001).

In addition to Rule 37(c)(1), the United States Supreme Court has recognized a court's inherent power to impose sanctions, including dismissal, in response to

abusive litigation practices.  Link v. Wabash Railroad Co., 370 U.S. 626, 632-33 (1962); see also Malautea, 987 F.2d at 1545 (any court has the inherent power to impose reasonable sanctions upon litigants).

### B.     Application

#### 1.     Ryan and Flyaway's remaining claims against Plaintiffs

No party to this case complied with Rule 26(a).  As plaintiffs point out, Ryan and Flyaway never disclosed individuals under Rule 26(a)(1)(A) until they responded to plaintiffs' motion for summary judgment.  This includes Arlene Smith (Assistant to the Director of Aviation of Daytona Beach International Airport) and Larry Gill (Chief Airfield Manager for Charleston AFB), both of whom Ryan and Flyaway relied on to illustrate a factual dispute on portions of their defamation claim.  While it is true that Ryan and Flyaway identified Phil Roberts (the individual to whom Carter purportedly made defamatory remarks concerning Ryan and Flyaway at the 2003 Birdstrike Conference) in her counterclaims, they never provided any additional identifying information about him.  Ryan and Flyaway likewise never disclosed the "anonymous letter" (which the Court relied on to deny summary judgment) to plaintiff that formed a portion of the defamation claims.  Ryan and Flyaway also failed to respond to plaintiffs' discovery issued on September 23, 2004, for a period of eight months, and, during that time, completely ignored the Magistrate Judge's Order dated January 3,

2005 requiring them to respond to discovery within ten days of the date of that Order.[3] (Doc. 194).  While it appears that Ryan and Flyaway ultimately responded to plaintiffs' discovery in May 2005 (four months after the Magistrate Judge's deadline and well after the close of discovery in the case), the timing of such a response is inadequate. Ryan and Flyaway's disregard for the Federal Rules (which the Court does not find to be harmless), this Court's Orders and its inability to prove their remaining claims without the use of the witnesses and documents not properly disclosed pursuant to Rule 26(a), lead this Court to enter judgment on all of their remaining claims.

### 2. **Plaintiffs' remaining claims against Ryan and Flyaway and Merwin**

Plaintiffs too failed to comply with Rule 26.  Plaintiffs' transgressions, however, are of a slightly different ilk.  Rule 26(a)(1)(C) requires a party to disclose "a computation of any category of damages claimed by the disclosing party."  Not only have plaintiffs failed to ever disclose a computation of damages (as Merwin points out) plaintiffs have procured no evidence of damages to the remaining breach of contract, tortious interference and conversion claims against Ryan and Flyaway and Merwin.  Specifically, the remaining breach of contract and tortious interference claims against Ryan and Flyaway and Merwin relate solely to Merwin's prior employment with BCR. Upon further review, the undersigned agrees with Merwin that

---

[3] When plaintiffs filed their motion to compel Ryan and Flyaway to respond to this discovery, Ryan and Flyaway did not respond to the motion.  (Doc. 194).

plaintiffs' failure to comply with Rule 26(a)(1)(C) and failure to proffer any proof of damages (other than speculative and conjectural assertions in their motions and responses) renders their claims unprovable.  Further, plaintiffs' conversion claim is legally deficient because (1) plaintiffs failed to disclose key witness Mildred Tanner under Rule 26(a)(1)(A), (2) Tanner is apparently unwilling to appear voluntarily at trial and lives outside the subpoena power of the Court to compel her appearance at trial and (3) plaintiffs never secured any admissible testimony of Tanner (via deposition) for use at trial.  Thus, summary judgment is appropriate for Ryan and Flyaway and Merwin on plaintiffs' remaining claims.

### 3. Merwin's remaining claims against Border Collie Rescue

The Court understands from prior status conferences that Merwin did not intend to pursue her claims if plaintiffs' claims were withdrawn or (as here) dismissed.  If Merwin intends to pursue her counterclaims, Merwin must inform the Court by no later than **Monday, January 22, 2007**.  Otherwise, the Court (having disposed of all other claims) will dismiss Merwin's remaining claims and enter an appropriate judgment ending the case.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff Border Collie Rescue, Inc.'s Motion for Summary Judgment (Doc. 358) and Substituted Motion for Summary Judgment (Doc. 366) against Deirdre Merwin are **DEFERRED**.

2. Deirdre Merwin's Supplemental Motion for Summary Judgment as to Plaintiffs' Remaining Claims (Doc. 359) is **GRANTED**.

3. Merwin's Motion to Strike Border Collie Rescue's Unauthorized Reply Brief (Doc. 371) Filed in Violation of the Middle District of Florida's Local Rules (Doc. 372) is **GRANTED**. Document 371 shall be stricken from the record.

4. Plaintiffs' Supplemental Motion for Summary Judgment against Rebecca M. Ryan and Flyaway Farms and Kennels (Doc. 374) is **GRANTED**.

5. Plaintiff Nicholas Carter's Fourth Motion for Contempt Order, Fifth Motion for Default Judgment and Sixth Motion to Strike (Doc. 373) is **MOOT**.

6. Plaintiffs' Motion to Disqualify Defendant Ryan's Counsel (Doc. 375) is **DENIED**.

7. Rebecca Ryan and Flyaway Farms and Kennels' Supplemental Motion for Summary Judgment (Doc. 377) is **GRANTED**.

8. Richelle M. Marsico and Brian M. Bilodeau's Unopposed Motion to Withdraw as Counsel for Border Collie Rescue, Inc. (Doc. 388) is **DENIED WITHOUT PREJUDICE**.

9. Rebecca M. Ryan and Flyaway Farms and Kennels' Motion for Sanctions against plaintiffs (Doc. 353) is **DENIED**.

10. This case is **REMOVED** from the **March 5 - 23, 2007** trial term and the pre-trial deadlines set forth in the undersigned's October 31, 2006 Scheduling Order

(Doc. 381) are **VACATED**.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of January, 2007.

_____
TIMOTHY J. CORRIGAN
United States District Judge

t.

Copies: counsel of record, pro se parties